————o————

No. 3325.

(Court of Appeal, Parish of Orleans.)

JOHN T. GIBBONS vs. ILLINOIS CENTRAL R. R. CO.

1. The facts of this case do not warrant the application of the doctrine of estoppel in pais.

Appeal from Civil District Court, Division D.

John J. McCloskey, Plaintiff and Appellant.

Gustave Lemle, Defendant and Appellee.

DUFOUR, J. In the month of October 1902, Gibbons purchased from the Odenhahl Co., Ltd., grain merchants of this city, six bills of lading for six cars of bulk oats, issued by the Illinois

Central R. R. Co., endorsed "deliver to John T. Gibbons; we pay freight", and signed by the Odendahl Co.

On the next day the latter concern failed, and, on the next succeeding day, Gibbons demanded the goods without the payment of freight. The railroad company refused delivery, Gibbons paid the freight under protest and, in this suit, seeks to recover the amount so paid.

It is not contended by plaintiff that the defendant was cognizant of or a party to the endorsement of the bill of lading or made any promise or representation, express or implied, to honor the undertaking of the Odendahl Co., as to payment of freight in the transaction in controversy.

The point made is that, in former transactions of a like nature, the railroad delivered the goods and is hence estopped by its conduct to demand payment from plaintiff who trusted to his previous dealings with the company.

The record does not present a state of facts upon which may properly be based the plea of estoppel in pais.

The rule of the railroad company was that all freight charges shall be paid before delivery, unless the consignee was on the credit list, that is, made a deposit of a specified sum with the company. On the day after the release of any goods, the freight bill was collected, leaving the deposit as a kind of permanent collateral security. These rules were known generally to the trade, and it appears that Gibbons himself was on such credit list and must therefore be credited with knowledge of the prevailing course of business.

As long as the Odendahl Co. had a credit with the railroad, the latter naturally delivered the goods without demur; when, as in the present case the deposit had become exhausted, there was no obligation to make such delivery without prepayment of freight.

It might as well be urged that a bank, paying checks and drafts as long as it had funds to the credit of the drawer, is estopped to refuse payment of drafts and checks when such drawer's credit has become exhausted.

Judicial consideration of the doctrine contended for would, we think, startle the commercial community, and we may not justly allow the plaintiff's disappointment at the breach of faith of the Odendahl Co. to find solace at the expense of the defendant, an innocent third party in the transaction.

Judgment affirmed.